# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | Case No. 2:11-cv-00347-KJD-CWH |
| vs. ) | **ORDER** |
| HENRI WETSELAAR, M.D., *et al.*, ) | |
| Defendants. ) | |

This matter is before the Court on Defendants' Motion for a *Franks* Hearing (#95), filed on June 4, 2013. The Motion requests an evidentiary hearing to challenge the search warrant affidavit of Task Force Officer Kendra Still. In addition, Defendants assert that they may supplement their challenge to the search warrant affidavits of Robert Norris as stated in their Omnibus Motion (#65) and Reply (#90) with further proof that may arise at a later evidentiary hearing. In attempting to meet their burden of making a "substantial preliminary showing" to receive an evidentiary hearing, as defined in *Franks v. Delaware*, 438 U.S. 154 (1978), Defendants rely on scattered allegations in the Omnibus Motion (#65) and Reply (#90), an oral statement to the undersigned Magistrate Judge at an evidentiary hearing held on June 3, 2013, and a new list of 13 alleged false statements and material omissions provided in the instant motion along with 11 new exhibits.

In *Franks v. Delaware*, the Supreme Court established a two-prong test for challenging the sufficiency of a search warrant affidavit. 438 U.S 154. The Court noted that there is a "presumption of validity with respect to the affidavit supporting the search warrant." *Id.* at 171. A defendant is entitled to an evidentiary hearing on the validity of the affidavit underlying a search warrant if he can make a substantial preliminary showing that (1) the affidavit contains intentionally or recklessly false statements or misleading omissions and (2) the affidavit cannot support a finding of probable cause without the allegedly false information. *Id*. at 155-56. The

1. Ninth Circuit has said that "[t]o justify a hearing, a defendant must make specific allegations, allege a deliberate falsehood or reckless disregard for the truth, and accompany such a claim with a detailed offer of proof." *United States v. Craighead*, 539 F.3d 1073, 1080 (9th Cir. 2008) (citation omitted). "A hearing will not be held on a defendant's pre-trial motion to suppress merely because a defendant wants one. Rather, the defendant must demonstrate that a 'significant, disputed factual issue' exists such that a hearing is required." *United States v. Martin*, 2010 WL 5575323 *7 (D. Nev.) (*citing United States v. Harris*, 914 F.2d 927, 933 (7th Cir. 1990)).

    Overall, Defendants appear to disregard the amount of proof needed to meet their burden of making a "substantial preliminary showing." *Franks*, 438 U.S. 154. They cite *United States v. Eppenger*, 2012 WL 4617677 (D. Nev. July 24, 2012), for the idea that Defendants are not required to rely on their briefs alone to meet this high standard before receiving an evidentiary hearing. However in *Eppenger*, the Court determined that an evidentiary hearing was warranted and therefore allowed Defendant to present arguments. Defendants may not skip over the first step of making a "substantial preliminary showing" prior to receiving an evidentiary hearing on the *Franks* issue.

    Significantly, Defendants have asked the Court to piece together points from an Omnibus Motion (#65) with 10 Exhibits consisting of 391 pages (#68), a Reply (#90) with 3 Exhibits consisting of 87 pages, Defense Counsel's statement at an Evidentiary Hearing on June 3, 2013, and the instant Motion (#95) with 10 Exhibits consisting of 339 pages (#96). In doing so, Defendants fail to identify for the Court the page and line citation in the challenged affidavits of the false statements. They also fail to identify the page and line citation in the attached exhibits that allegedly proves that the two Officers made misleading omissions. As a result, Defendants have imposed upon the Court to search through voluminous pages of briefs and exhibits in order to meet Defendants' burden of making a "substantial preliminary showing." *Franks*, 438 U.S. at 155-56. As noted by this Court in *Argarwal v. Oregon Mut. Ins. Co.*, 2013 WL 211093 (D. Nev.) (*citing U.S. v. Dunkel*, 927 F.2d 955 (7th Cir.1991)), "judges are not like pigs, hunting for truffles buried in briefs" and it is not the responsibility of the judiciary to "sift through scattered papers in order to manufacture arguments." Defendants are required to make specific allegations for each false

statement and misleading omission with a citation to where each false statement was made or misleading omission was discovered.  Moreover, for each allegation, Defendants are required to accompany it with a detailed offer of proof that includes pinpointing the exact portions of the evidence that supports their argument.

In addition, Defendants fail to cite to authority for why each alleged statement is false or omission is misleading, but rather, state a general conclusion that the allegations are material "because the foundation for the Government's charges against the Defendants is that they were distributing controlled substances without medical necessity and outside the course of their usual practice, and they did so knowingly and intentionally." Defs. Mot. #95, 7.  "When challenging a warrant affidavit pursuant to *Franks*, the defendant must not only specify which portions are false, but must also furnish affidavits or other reliable documentation in support of his challenge or satisfactorily explain the absence of such supporting documentation." *See United States v. Fowlie*, 24 F.3d 1059, 1066 (9th Cir. 1994) (citation omitted).  The failure to do so may result in the motion being denied. *See e.g.*, *United States v. Ruddell*, 71 F3d 331, 334 (9th Cir. 1995).

In determining whether a defendant is entitled to an evidentiary hearing "clear proof" of intentional or reckless false statements or misleading omissions is not required. *United States v. May*, 2009 WL 1542557 *9 (D. Nev.) (*citing United States v. Stanert*, 762 F.2d 775, 781 (9th Cir. 1985)). Such proof is reserved for the evidentiary hearing. *United States v. Gonzales, Inc.*, 412 F.3d 1102, 1111 (9th Cir. 2005).  The defendant must, however, "offer direct evidence of the affiant's state of mind or inferential evidence that the affiant had obvious reasons for omitting facts in order to prove deliberate falsehood or reckless disregard." *May*, 2009 WL 1542557 *9 (D. Nev.) (*quoting United States v. Souffront*, 338 F.3d 809, 822-23 (7th Cir. 2003)).  Deliberate intent or reckless disregard for the truth can be inferred from the omission of material facts that would have negated probable cause, but the "omission rule . . . does not require that the affidavit provide general information about every possible theory that would controvert the affiant's good faith assertion of probable cause." *May*, 2009 WL 1542557 (*quoting Craighead*, 539 F.3d at 1081). Omissions or misstatements resulting from negligence or good faith mistakes will not invalidate an affidavit which on its face establishes probable cause." *Ewing v. City of Stockton*, 588 F.3d 1218,

1224 (9th Cir. 2009) (citation omitted).

Here, Defendants appear to confuse the terms of art "false statements" and "misleading omissions" by continuously referring to "misleading statements." *Franks*, 438 U.S. at 155-56. This error is compounded by the fact that Defendants fail to offer substantive arguments in their Omnibus Motion (#65), Reply (#90), Motion for Hearing (#95) as to the affiant's state of mind to determine whether the alleged "false statements" were made intentionally or recklessly as required by Ninth Circuit precedent. Similarly, omissions are not fatal unless they are made with the intent to deceive the court. *United States v. Nevell*, 58 F.Supp.2d 1204, 1208 (D. Or. 1999) (citations omitted). Defendants have failed to provide points as to why the omissions are misleading based on Ninth Circuit precedent. As a result, Defendants have failed to cite the relevant points and authority that this Court will follow in determining whether an evidentiary hearing is warranted.

Finally, even if a defendant makes the preliminary showing, that is not enough, standing alone, to entitle a defendant to a *Franks* hearing. A defendant must also show that the affidavit would not be sufficient to support a finding of probable cause even if was purged of its falsities and supplemented by the omissions. *See Stanert*, 762 F.2d at 782 (*citing Franks*, 438 U.S. at 171-72). "The effect of misrepresentations and omissions on the existence of probable cause is considered cumulatively." *Stanert*, 762 F.2d at 782 (citation omitted). Thus, the judge reviewing a request for a *Franks* hearing must determine whether the affidavit, once corrected, would provide a magistrate with the basis necessary to conclude that probable cause exists. *Id*. Here, Defendants have failed to include enough information to permit the Court to make a reasoned decision as outlined above. Accordingly, the Court will require Defendants to re-file the Motion to include the following as exhibits: (1) a copy of all the affidavits that they are challenging and (2) an additional copy of the affidavits that is highlighted with all the alleged false statements that Defendants claim should be excised and supplemented by the alleged omissions. In addition, the Court will require Defendants to (1) pinpoint cite each alleged false statement and clearly articulate each misleading omission and (2) pinpoint cite the detailed offer of proof for why each statement is false or each omission is misleading.

Based on the foregoing and good cause therefore,

**IT IS HEREBY ORDERED** that Defendants' Supplemental Motion in compliance with the Court's instructions outlined above is due by COB on June 10, 2013.

**IT IS FURTHER ORDERED** that the Government's Response is due by COB on June 17, 2013.

**IT IS FURTHER ORDERED** that Defendants' Reply is due by COB on June 20, 2013.

DATED this 5th day of June, 2013.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**