UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　　Plaintiff,<br>vs.<br>HENRI WETSELAAR, M.D.,<br>　　　　　　Defendant. | Case No. 2:11-cr-00347-KJD-CWH<br>**REPORT AND RECOMMENDATION** |

This matter was referred to the undersigned Magistrate Judge on Defendant Henri Wetselaar, M.D.'s ("Defendant") motion to dismiss count 14 of the superseding indictment (ECF No. 187), filed November 2, 2015, the government's response (ECF No. 189), filed November 3, 2015, and Defendant's reply (ECF No. 197), filed November 6, 2015.

## BACKGROUND

Defendant is charged in a superseding indictment with illegal distribution of controlled substances (counts 1-9), false statement to a government agency (counts 10-11), money laundering (count 13), and structuring of ill-gotten proceeds from the distribution (count 14). ECF No. 179.

## DISCUSSION

**1.　Legal Standard**

Federal Rule of Criminal Procedure 12(b) provides that "[a]ny defense, objection, or request that the court can determine without trial of the general issue" may be raised by pretrial motion. A motion to dismiss is generally capable of determination before trial "if it involves questions of law rather than fact." *See United States v. Yip*, 248 F. Supp. 2d 970, 972 (D. Haw. 2003) (citing *United*

*States v. Shortt Accountancy Corp.*, 785 F.2d 1448, 1452 (9th Cir. 1986)).

The sufficiency of an indictment is judged by "whether the indictment adequately alleges the elements of the offense and fairly informs the defendant of the charge, not whether the Government can prove its case." *United States v. Buckley*, 689 F.2d 893, 897 (9th Cir. 1982). The indictment itself should be: (1) read as a whole; (2) read to include facts which are necessarily implied; and (3) construed according to common sense. *Id.* A court's inquiry must end there. Arguments directed at the merits of claims must be left for trial.

The indictment should embody all the elements of the crime and clearly inform the defendant of the details that form the basis for the accusation so as to enable him to prepare his defense and to plead the judgment in bar of any further prosecutions for the same offense. *United States* v. Hill, 279 F.3d 731, 741 (9th Cir. 2002). A motion to dismiss the indictment cannot be used as a device for a summary trial of the evidence. *United States v. Jensen*, 93 F.3d 667, 669 (9th Cir. 1996).

Defendant here is charged in count 14 of the superseding indictment with a violation of 31 U.S.C. §§ 5324(a)(3), 5324(d)(1), and 5324(d)(2).[1] ECF No. 179 at 6-8. Section 5324(a)(3) prohibits a person from "structur[ing] or assist[ing] in structuring, or attempt[ing] to structure or assist in structuring, any transaction with one or more domestic financial institutions" for the purpose of evading § 5313(a)'s requirement to submit to the government a financial institution report for cash transactions exceeding a particular amount. 31 U.S.C. §§ 5324(a)(3), 5313(a). That amount is set by regulation at $10,000.00. *See* 31 C.F.R. § 1010.311 (Implementing 31 U.S.C. § 5313(a), setting the reporting threshold at "more than $10,000," and requiring the use of a FinCEN Form 104, Currency Transaction Report ("CTR")).

Section 5324 does not expressly define the term "structuring," but the U.S. Supreme Court has explained that the crime of structuring includes "break[ing] up a single transaction above the reporting threshold into two or more separate transactions... for the purpose of evading a financial institution's

---

[1] Section 5324(d)(1) and (2) provide the criminal penalties for violation of the statute. 31 U.S.C. § 5324(d)(1), (d)(2). Section 5324(d)(1) provides that "whoever violates this section shall be fined in accordance with title 18 of the United States Code, imprisoned for not more than 5 years, or both." 31 U.S.C. § 5324(d)(1). Section 5324(d)(2) provides that "whoever violates this section while violating another law of the United States or as part of a pattern of any illegal activity involving more than $100,000.00 in a 12-month period shall be fined twice the amount provided in [18 U.S.C. 3571 (b)(3) or (c)(3)], imprisoned for not more than ten years, or both." 31 U.S.C. 5324(d)(2).

reporting requirement." *Ratzlaf v. United States*, 510 U.S. 135, 136 (1994).

Under § 5313(a), a person structures a transaction if he conducts or attempts to conduct one or more transactions in currency in any amount, at one or more financial institutions, on one or more days, in any manner for the purpose of evading the reporting. *See* 31 U.S.C. § 5313(a); 31 C.F.R. § 1010.100(xx). As a requirement of reporting, the structured transaction must involve an amount greater than $10,000.00; evasion for anything less than this amount would not be possible because no reporting would be required. *See* 31 C.F.R. § 1010.311.

An individual violates § 5324(a)(3) if he engages in structuring of currency transactions to avoid the CTR requirement. 31 U.S.C. § 5324(a)(3). Structuring of currency transactions can take several forms. *See United States v. Peterson*, 607 F.3d 975, 979 (4th Cir. 2010). "Imperfect structuring," which violates § 5324(a)(1), involves making multiple deposits of $10,000.00 or less into the same bank on the same day, with the total exceeding $10,000.00. *Id*. at 980-81. In these cases, the obligation to file a CTR is triggered notwithstanding the customer's intent to evade it. *Id*. at 980. "Perfect structuring," which violates § 5324(a)(3), involves making multiple deposits into different banks on the same day, with no one deposit exceeding $10,000.00, but with the total being in excess of that amount, and no one bank has a duty to file a CTR. *Id*. at 980-81. "Serial structuring," which violates § 5324(a)(3), occurs if an individual deposits or withdraws $10,000.00 or less each day over a period of several days (or longer) with the intent to evade the reporting requirement. *See* 31 C.F.R. § 1010.100(xx); *Peterson*, 607 F.3d at 979; *United States v. Van Allen*, 524 F.3d 814, 820-21 (7th Cir. 2008).[2]

**2.     Analysis**

In the instant motion, Defendant moves to dismiss count 14 because it combines formerly charged § 5324(a)(1) violations with § 5324(a)(3) violations and now classifies them all as § 5324(a)(3) violations, which is purportedly duplicitous and lacks specificity. Defendant also

---

[2] The distinction between violations of § 5324(a)(1) and § 5324(a)(3) is eloquently stated by the Eleventh Circuit: "The lifeblood of many crimes is cash. So that federal law enforcement can more readily trace the flow of large amounts of cash, the law requires a financial institution to file with the Department of the Treasury reports of cash transactions by any person on a single day that exceed $10,000. If that were all, the reporting requirement could be evaded through the simple expedient of dividing large cash transactions into amounts small enough not to trigger it. To prevent that and similar end runs, the law makes it a crime to structure cash transactions for the purpose of evading the reporting requirement. *See* 31 U.S.C. § 5324(a)(3)." *United States v. Lang*, 732 F.3d 1246, 1247 (11th Cir. 2013)

contends that the government utilized an improper unit of prosecution, that the addition of a violation under § 5324(d)(2) to a violation under § 5324(a)(3) carries a heavier 10-year mandatory minimum sentence, and that the amended allegation changes the original theory of prosecution.

The government responds that the superseding indictment modified the previous structuring charges against Defendant because the government believed counts 14 through 21 were charged improperly. The new count combines what was previously counts 14 through 21 of the indictment into one violation of § 5324(a)(3). The government also argues that it charged a count for structuring by taking 32 individual transactions that, when combined, demonstrate a violation of the structuring laws. The government adds that the addition of the sentencing enhancement is not relevant to the question of whether the charge is duplicitous.

Contrary to Defendant's assertion, the Court finds that count 14 does not lack specificity but sufficiently pleads the elements of the offense, and provides a list of allegedly structured transactions, including the date, amount, and account into which the structured funds were deposited. Indeed, count 14 sufficiently alleges Defendant's violation of 31 U.S.C. § 5324(a)(3), fairly informs Defendant of the charges against him, and enables Defendant to plead an acquittal or conviction in bar of future prosecutions for the same offense.

The Court also finds that any changes to the theory of prosecution in this case are proper. Specifically, it appears that the count 14 allegations taken together, if true, would establish "perfect structuring" and violate 31 U.S.C. § 5324(a)(3) because there are multiple instances in which Defendant is alleged to have made multiple deposits into different banks on the same day, with no one deposit exceeding $10,000.00, but with the total being in excess of that amount. *See e.g.* ECF No. 179 at 7 (On February 19, 2010, Defendant deposited $9,000.00 to Nevada State Bank and $9,000.00 to Wells Fargo Bank). If true, moreover, the 32 individual deposit transactions, taken together, could demonstrate an overall course of structuring, or "serial structuring," that would violate 31 U.S.C. § 5324(a)(3). However, no instances of "imperfect structuring" (i.e., multiple deposits made into the same bank on the same day) have been alleged that would violate 31 U.S.C. § 5324(a)(1). As the parties correctly recognize, § 5324(a)(1) is violated only when an individual causes a financial institution not to file a CTR that it had a legal duty to file. With the superseding indictment, Defendant

no longer faces prosecution for a violation of § 5324(a)(1). The Court therefore finds that the amended allegation alters the theory of prosecution in the sense that it abandoned a violation of 31 U.S.C. § 5324(a)(1). However, this has no bearing on the sufficiency of the indictment, or whether count 14 is duplicious. Indeed, the Court finds the change proper because if Defendant is convicted of count 14, he will be convicted of only one violation under § 5324(a)(3) and not distinct and separate offenses.

Moreover, the Court finds the unit of prosecution proper, with the Court guided by the decisions of other courts that have concluded the structuring itself, and not the individual deposit, is the appropriate unit of the crime. *See United States v. Davenport*, 929 F.2d 1169, 1172 (7th Cir. 1991) (Disapproving ten counts when a single source of funds was deposited in ten increments because the statute "does not forbid the making of deposits. It forbids the structuring of a transaction."); s*ee also United States v. Nall*, 949 F.2d 301, 308 (10th Cir. 1991) (Three structured deposits made on three separate days only support one conviction for structuring, not three individual convictions). Because the unit of prosecution is the overall course of structuring, it is proper in this case.

Meanwhile, the Court finds that the inclusion of subsection (d)(2) to the violation under 31 U.S.C. § 5324(a)(3), which would result in a 10-year mandatory minimum sentence, is not the consequence of a defect of count 14 because it is appropriate to charge the 32 transactions listed in count 14 as a single course of structuring. Therefore, the resulting sentencing enhancement is not improper.

Finally, the Court finds no evidence of a duplicitous superseding indictment. An indictment is duplicitous where a single count joins two or more distinct and separate offenses. *United States v. UCO Oil Co.*, 546 F.2d 833, 835 (9th Cir. 1976). As discussed earlier, changes to count 14 of the superseding indictment were proper because if Defendant is convicted of that count, he will be convicted of only one violation under § 5324(a)(3) and not distinct and separate offenses.

**RECOMMENDATION**

Accordingly, **IT IS HEREBY RECOMMENDED** that Defendant's motion to dismiss count 14 of the superseding indictment (ECF No. 187) be **denied**.

//

//

**NOTICE**

This report and recommendation is submitted to the United States District Judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the District Court's Order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: November 19, 2015

_____
**C.W. Hoffman Jr.**
**United States Magistrate Judge**