# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

UNITED STATES OF AMERICA,     )

        Plaintiff,      )     Case No. 2:11-cr-00347-KJD-CWH

                            )     **REPORT AND**

vs.                       )     **RECOMMENDATION**

HENRI WETSELAAR, M.D.,     )

        Defendant.     )

_____)

This matter was referred to the undersigned Magistrate Judge on Defendant Henri Wetselaar, M.D.'s ("Defendant") motion to dismiss and/or strike portions of count 14 of superseding indictment based upon running of the statute of limitations (ECF No. 188), filed November 3, 2015, the government's response (ECF No. 198), filed November 10, 2015, and Defendant's reply (ECF No. 204), filed November 13, 2015.

## BACKGROUND

Defendant is charged in a superseding indictment with illegal distribution of controlled substances (counts 1-9), false statement to a government agency (counts 10-11), money laundering (count 13), and structuring of ill-gotten proceeds from the distribution (count 14).  ECF No. 179.

## DISCUSSION

Defendant moves to dismiss certain transactions of count 14[1] because the statute of limitations has purportedly run.  Specifically, Defendant lists 20 deposits made at various banks from February 19, 2010 to July 23, 2010, which were previously charged as violations of 31 U.S.C. § 5324 (a)(1) in the

---

[1] Count 14 of the superseding indictment contains 32 bank deposits, which the government alleges constitute a single course of structuring in violation of 31 U.S.C. § 5324(a)(3).

original indictment,[2] and now have been included in count 14 of the superseding indictment. Defendant does not challenge the 12 instances of alleged cash deposits during the period commencing on September 28, 2009 and ending on August 16, 2010, which were originally charged as violations of 31 U.S.C. § 5324(a)(3).

The government responds that the statute of limitations is tolled for charges contained in the indictment, and that Defendant was on notice of the charges.

Under 18 U.S.C. § 3282, the statute of limitations for criminal prosecutions is five years.  18 U.S.C. § 3282(a) ("Except as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years after such offense shall have been committed.").  An indictment tolls the statute of limitations for all charges contained in the indictment.  *See United States v. Wilsey*, 458 F.2d 11, 12 (9th Cir. 1972); *United States v. Clawson*, 104 F.3d 250, 250-51 (9th Cir. 1996).  "If a superseding indictment on the same charges is returned while a previous indictment is still pending, the tolling continues."  *United States v. Pacheco*, 912 F.2d 297, 305 (9th Cir. 1990).  The statute of limitations is not tolled, however, if the superseding indictment "broadens or substantially amends the charges in the original indictment."  *United States v. Sears, Roebuck & Co.*, 785 F.2d 777, 778 (9th Cir.1986) (citation omitted).

To determine whether a superseding indictment broadens or substantially amends a pending timely indictment, a court considers whether the additional pleadings allege violations of a different statute, contain different elements, rely on different evidence, or expose a defendant to a potentially greater sentence.  *United States v. Liu*, 731 F.3d 982, 996-997 (9th Cir. 2013).  The central concern in determining whether the counts in a superseding indictment should be tolled (based on similar counts included in the earlier indictment) is notice.  "If the allegations and charges are substantially the same in the old and new indictments, the assumption is that the defendant has been placed on notice of the charges against him."  *Pacheco*, 912 F.2d at 305.  That is, a defendant knows he "will be called to account for certain activities and should prepare a defense."  *Id*.

At the outset, the Court notes that Defendant acknowledges he is not challenging those transactions in the original indictment that allege a violation of 31 U.S.C. § 5324(a)(3), which are now

---

[2] *See* ECF No. 1 (counts 15 through 23 of the original indictment).

in count 14 of the superseding indictment.  Therefore, the Court need only address the question of whether the transactions previously alleged to be violations of § 5324(a)(1) in the original indictment may be used to prove the allegations in count 14 of the superseding indictment. In answering this question, the Court must determine whether the statute of limitations was tolled.

The Court has compared the original and superseding indictments to determine whether they are similar enough that the original indictment gave Defendant sufficient notice of the charges in the superseding indictment.  The Court finds that counts 15 through 23 of the original indictment each contain an allegation that § 5324(a)(1) was violated.  Each count identifies two or three deposits made on the same day to different financial institutions, each in an amount less than $10,000.00, but when combined, total more than $10,000.00.  The superseding indictment consolidates counts 15 through 23 of the original indictment into one count alleging a single violation of § 5324(a)(3) with 32 transactions.

Using the framework provided by *Liu*, the Court finds that the statute of limitations has tolled. First, except for one transaction, which will be discussed in greater detail below, the factual allegations (i.e., deposits to financial institutions) supporting the original and superseding counts are exactly the same.

Second, the allegations all fall under the same general statute entitled, "Structuring transactions to evade reporting requirement prohibited." 31 U.S.C. § 5324.  Section 5324 does not expressly define the term "structuring," but the U.S. Supreme Court has explained that the crime of structuring includes "break[ing] up a single transaction above the reporting threshold into two or more separate transactions... for the purpose of evading a financial institution's reporting requirement." *Ratzlaf v. United States*, 510 U.S. 135, 136 (1994).  In summary, § 5324(a) generally prohibits a person from taking actions for the purpose of evading the reporting requirements of § 5313(a).[3]  The specific prohibited acts include those in § 5324(a)(1) that would cause the domestic financial institution to fail to comply with its reporting requirements, and those in § 5324(a)(3) that would structure or break up a transaction to evade the financial institution's reporting requirements.  The Court finds that these

---

[3] 31 U.S.C. § 5313(a) requires that a financial institution report to the government cash transactions exceeding a particular amount.  That amount is set by regulation at $10,000.00.  31 C.F.R. § 1010.311 (implementing § 5313(a) and setting the reporting threshold at "more than $10,000.").

statutes are substantially similar.[4]

Third, the elements of § 5324(a)(1) and § 5324(a)(3) are substantially the same. They prohibit transactions intended to evade the $10,000.00 reporting requirement established pursuant to § 5313(a). *See* 31 U.S.C. § 5324(a).

Fourth, while it is true that the potential sentence under count 14 of the superseding indictment has increased, this increase is proper. The original indictment alleged nine counts, with each count's potential penalty carrying a fine, at minimum, and a maximum term of 5 years imprisonment. *See* 31 U.S.C. § 5324(d)(1). The superseding indictment, which combines all transactions into count 14, alleges an enhanced penalty under § 5324(d)(2) for aggravated cases involving $100,000.00 or more, and a potential penalty carrying twice the fine and a maximum term of 10 years imprisonment. *See* 31 U.S.C. § 5324(d)(2). However, any changes in Defendant's potential penalties are appropriate because counts 15 through 23 of the original indictment were superseded, thereby rendering inapplicable the potential penalty for each of those counts under § 5324(d)(1). *See* 31 U.S.C. § 5324(d)(1).

As such, the Court finds that the statute of limitations for count 14 was tolled when the original indictment was filed, and that the challenged transactions in count 14 of the superseding indictment are proper and should not be dismissed because they do not broaden or substantially amend the original indictment.

Meanwhile, Defendant has called into question one transaction, a $9500.00 deposit on May 10, 2010 to JP Morgan Chase Bank. This transaction was added to the superseding indictment but did not appear in the original indictment. According to the government, the transaction was disclosed in discovery and is part of the overall structuring charge against Defendant.

A violation of 31 U.S.C. § 5324(a)(3) occurs as a result of the structuring, not the individual deposits. *See United States v. Wommer,* No. 2:10-CR-00596-GMN-GWF, 2011 WL 4500866, *3 (D.

---

[4] The distinction between violations of § 5324(a)(1) and § 5324(a)(3) is eloquently stated by the Eleventh Circuit: "The lifeblood of many crimes is cash. So that federal law enforcement can more readily trace the flow of large amounts of cash, the law requires a financial institution to file with the Department of the Treasury reports of cash transactions by any person on a single day that exceed $10,000. If that were all, the reporting requirement could be evaded through the simple expedient of dividing large cash transactions into amounts small enough not to trigger it. To prevent that and similar end runs, the law makes it a crime to structure cash transactions for the purpose of evading the reporting requirement. *See* 31 U.S.C. § 5324(a)(3)." *United States v. Lang*, 732 F.3d 1246, 1247 (11th Cir. 2013)

Nev. Aug. 22, 2011); *United States v. Davenport*, 929 F.2d 1169, 1172 (7th Cir. 991) ("[S]tructuring itself, and not the individual deposit, is the unit of crime."); *United States v. Nall*, 949 F2d. 301, 307-308 (10th Cir. 1991) (Three structured deposits made on three separate days only supported one conviction for structuring, not three individual convictions.).  However, unlike all of Defendant's other transactions, which the government elected to list, the transaction at issue was not listed in the original indictment.  The Court finds that this transaction should not be listed after the passage of the statute of limitations because its inclusion may affect the applicability of the penalty enhancement provisions of 31 U.S.C. § 5324(d)(2), as discussed earlier.  Therefore, this Court finds that the subject transaction in count 14, alleging a deposit of $9,500.00 on May 10, 2010, should be stricken from the superseding indictment.[5]

## RECOMMENDATION

Accordingly, **IT IS HEREBY RECOMMENDED** that Defendant's motion to dismiss and/or strike portions of count 14 of superseding indictment based upon running of the statute of limitations (ECF No. 188) be **granted in part and denied in part**.

## NOTICE

This report and recommendation is submitted to the United States District Judge assigned to this case under 28 U.S.C. § 636(b)(1).  A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation.  Local Rule IB 3-2(a).  Failure to file a timely objection may waive the right to appeal the District Court's Order.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: December 1, 2015

_____

**C.W. Hoffman, Jr.**
**United States Magistrate Judge**

---

[5] The Court takes no position on the admissibility of this transaction, or other unlisted transactions, to prove the course of structuring alleged in count 14 because this evidentiary question is not before the Court.

5