# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| Plaintiff , | Case No. 2:11-CR-00347-KJD-CWH |
| v. | |
| HENRI WETSELAAR, M.D., | **ORDER** |
| Defendant. | |

Presently before the Court for consideration is Defendant, Dr. Henri Wetselaar's Motion for Reconsideration Regarding Court's Granting of Government's Motion in Limine (#305) to which the Government responded in opposition (321).

This Motion is an objection to the Government's Motion in Limine (#294) which was filed as a response to Defendant's Notification to the Court of his intent to present evidence regarding patients at trial (#176). Specifically, Defendant notified the Court of his intention to present evidence pertaining to:

1. Patients who violated the written agreement that provided (sic) by Dr. Weselaar and that they signed regarding the terms and conditions of their treatment (non-compliant);

2. Patients treated by Dr. Wetselaar who did not receive controlled substances prior to the execution of the search warrant in August 2010;

3. Patients who were prescribed controlled substances by other doctors prior to the time the patients were seen by Dr. Wetselaar;

4. Patients treated by Dr. Wetselaar who were later seen and accepted by other physicians who prescribed controlled substances to those same patients; and

5. Evidence that pharmacies other than Lambs (sic) filled Dr. Wetselaar's prescriptions during the time period alleged in the Criminal Indictment.

The government conceded that the evidence described in numbers 1, 2, and 5 listed above is potentially relevant and possibly admissible at trial. However, the Government opposes the admission of evidence listed in numbers 3, and 4 above on the basis of irrelevance.

Defendant's Motion cites five sources of authority, however, this authority does not relieve the Defendant of the obligation to independently evaluate patients. Additionally, Defendant is not charged under the statutes listed, NRS 453.1545 and NRS 639.23507(1), the purpose of which is to prevent a physician from over-prescribing medication, not to allow a physician to rely on the fact that someone else has found it appropriate. Introduction of this evidence is likely to confuse the jury.

The Government does not object to the introduction of evidence pertaining to the State of Nevada's Prescription Monitoring Program (PMP) which is available for a physician to access if:

> 1) they suspect a patient has a drug addiction problem; 2) if the patient is new to the practitioner and is requesting a controlled substance prescription and 3) if an existing patient is requesting a controlled substance and the practitioner has not checked with the State's PMP within the last 12 months for this patient.

Evidence based on this statute is separate and apart from the request to introduce information regarding patients seeing other doctors.

Accordingly, IT IS THEREFORE ORDERED that Defendant's Motion for Reconsideration Regarding Court's Granting of Government's Motion in Limine (#305) is **denied, in part**;

IT IS FURTHER ORDERED that Defendant is permitted to introduce evidence pertaining to the State of Nevada's Prescription Monitoring Program, subject to the foregoing limitations.

DATED this __9th__ day of September 2016

_____
Kent J. Dawson
United States District Judge

3