**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br>v.<br>HENRI WETSELAAR, M.D.,<br>　　　　　Defendant. | Case No. 2:11-cr-00347-KJD-CWH<br><br>**<u>ORDER</u>** |

　　　Presently before the Court is Defendant's Motion for Release Pending Appeal (#514). Plaintiff filed a response (#518) to which Defendant replied (#522).

<u>I. Background</u>

　　　On March 23, 2017, a jury found Dr. Henri Wetselaar ("Defendant") guilty of multiple felony counts. On August 1, 2017, Defendant was sentenced. On August 4, 2017, Defendant filed a Notice of Appeal, and then an Amended Notice of Appeal on August 11, 2017. Defendant claims he is entitled to release pending appeal pursuant to Title 18 U.S.C. §§ 3143(b) and 3142(g).

　　　On June 2, 2017, the Court denied Defendant's Motion for Release Pending Sentencing (#490). Defendant failed to rebut the presumption that no condition or combination of conditions

would reasonably assure the safety of any other person or the community if he were to be released. See 18 U.S.C. § 3142(e), (f); 18 U.S.C. § 3143(a)(2). Defendant's argument in his Motion for Release Pending Appeal states Defendant "continues to meet[] the three criteria for release pending appeal pursuant to § 3143(b) and § 3142(g) despite the Government's claims to the contrary." However, Defendant fails to present any new argument beyond what he put forth in his previously denied Motion for Release Pending Sentencing (#458).

II. Analysis

A defendant may be released pending appeal only where the court finds "by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released," and

> that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in: (i) reversal; (ii) an order for a new trial; (iii) a sentence that does not include a term of imprisonment; or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b).

The factors the court considers when making the determination of whether a person is "likely to flee or pose a danger to the safety" of the community are:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (2) the weight of the evidence against the person; (3) the history of the person, including [] the person's character, physical and mental condition, family ties, employment, financial resources, length of residency in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings . . . ; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

2

Defendant has failed to put forth any new argument that would change the calculus of this Court's previous evaluation of Defendant's Motion for Release Pending Sentencing. The Court's reasoning in its previous order denying Defendant's request for release relied on the same 18 U.S.C. § 3142(g) factors that control the present analysis. Defendant does not provide the Court with updated medical information, but instead reiterates his 2016 medical status, which the Court has already considered. Additionally, Defendant's condition did not appear to have deteriorated at the time of sentencing. He has presented no new information as to why the treatment he is receiving in custody is insufficient, or that there is a need for specialized treatment that is unavailable to him while he is in custody.

Further, Defendant has failed to show that his appeal raises any substantial question of law or fact likely to result in a reversal, new trial, or reduction of his sentence. Defendant states his appeal "will raise several substantial questions of fact and law related to his conviction" without more. Defendant presents no new questions of law or fact for the Court to consider.

Lastly, Defendant argues he can show "exceptional reasons" why detention would not be appropriate. 18 U.S.C. § 3145(c). "Only in truly unusual circumstances will a defendant whose offense is subject to the statutory provision be allowed to remain on bail pending appeal." U.S. v. Garcia, 340 F.3d 1013, 1022 (9th Cir. 2003). Such exceptional reasons include: (1) whether Defendant's crime was an aberration; (2) whether Defendant contributed significantly to society; (3) whether the nature of Defendant's crime is sufficiently dissimilar to others in the same category of crimes identified by the statute; (4) the length of Defendant's sentence (often a proxy for the seriousness of the crime committed); (5) whether there were circumstances that would "render the hardships of prison unusually harsh for a particular defendant;" (6) the benefit of an "uninterrupted course of treatment;" and (7) the effect of incarceration on Defendant's physical

3

or mental health based on his characteristics. U.S. v. Garcia, 340 F.3d 1013, 1019-20 (9th Cir. 2003). "Hardships that commonly result from imprisonment do not meet the standard." Id. at 1022. The general rule is that "conviction for a covered offense entails immediate incarceration." Id.

However, this standard is inapplicable. 18 U.S.C. § 3145(c) would apply to an appeal of this Court's determination that Defendant is subject to detention pursuant to 18 U.S.C. § 1343(b). Even still, addressing Defendant's premature claim, a judicial officer hearing such an appeal will likely find no such exceptional reasons exist. Defendant has failed to prove both at the time of sentencing and appeal that his conditions merit release under the applicable statutes. Incarceration is the presumption, and there is no truly unusual deprivation or circumstance that Defendant faces beyond the natural hardships that result from imprisonment— the statutorily mandated consequences of Defendant's actions must control.

IV. Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion for Release Pending Appeal (#514) is **DENIED**.

Dated this __12__ day of September, 2017.

_____
Kent J. Dawson
United States District Judge