|   |   |
|---|---|
| UNITED STATES OF AMERICA,    Plaintiff,    v.    HENRI WETSELAAR, M.D.,    Defendant. | Case No. 2:11-cr-00347-KJD-CWH    **ORDER** |

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Presently before the Court is a request submitted by Vanessa Murphy on behalf of KLAS-TV, a local news organization in Las Vegas known as Channel 8 News ("Channel 8"). Channel 8 submitted the request to the Clerk's Office on August 16, 2017, seeking copies of numerous exhibits from Dr. Henri Wetselaar's trial.

**I. Legal Standard**

The common law right of access to copy and inspect records is separate and distinct from the First Amendment right to access trial itself. Valley Broad. Co. v. U.S. Dist. Court for Dist. of Nev., 798 F.2d 1289, 1293 (9th Cir. 1984) ("[A] common-law right to copy and inspect judicial records . . . is not of constitutional dimension, is not absolute, and is not entitled to the same level of protection afforded constitutional rights."). Even still, "[t]he First Amendment generally

grants the press no right to information about a trial superior to that of the general public." Nixon v. Warner Communications, 435 U.S. 589, 602-03 (1978).

When analyzing whether to grant a records request, the Court starts with a strong presumption in favor of access. Valley Broad. Co., 798 F.2d at 1294. But, that presumption will be overcome if there are articulable facts known to the Court that go beyond mere unsupported hypothesis or conjecture that the records are being requested for an improper use. See id. Improper uses include "publication of scandalous, libelous, pornographic or trade secret materials; infringement of fair trial rights of the defendants or third persons; and residual privacy rights." Id. Ultimately, the Court must weigh "the interests advanced by the parties in the light of the public interest and the duty of the courts." Id.

**II. Analysis**

The Court recognizes the importance of the public's right to access information, but it must weigh that right against its responsibility to ensure a fair and unbiased resolution of the matters before it. The right of access is not absolute, and there are circumstances such as this where allowing premature access to records could infringe upon the fair trial rights of the defendants or third persons, whether such infringement is intended or not.

There are several unresolved matters still before this Court and the Court of Appeals that provide an articulable factual basis for denying Channel 8's request. Most notably, Dr. Henri Wetselaar has filed a notice of appeal. Pending the outcome of that appeal, there may be potential for retrial, and release of the specifically requested records at this time could taint a future jury. Dr. Wetselaar also faces the Government's Motion for Forfeiture (#529). Additionally, Mr. Jason C. Smith has a pending Motion for Acquittal (#470), which if denied will result in a trial currently scheduled for December 4, 2017. Lastly, Mr. David A. Litwin is

awaiting sentencing that is scheduled for September 26, 2017. With this many moving parts, the Court cannot confidently say that if it releases the specifically requested records, the parties' rights to a fair trial will be unaffected.

However, once all pending matters are resolved, Channel 8 may be granted access to the requested records, as the parties' rights will no longer be at risk.

### III. Conclusion

Accordingly, IT IS HEREBY ORDERED that Channel 8's Records Request is **DENIED**.

Dated this 21st day of September, 2017.

_____
Kent J. Dawson
United States District Judge