# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| UNITED STATES OF AMERICA, | Case No. 2:11-cr-00347-KJD-CWH |
|---|---|
| Plaintiff, | |
| v. | ORDER |
| HENRI WETSELAAR, M.D., | |
| Defendant. | |

Presently before the Court is the Government's Motion to Substitute and to Forfeit Property of Henri Wetselaar, M.D. (#563). Defendant Wetselaar filed a response in opposition (#573) to which the Government replied (#650).

I. Background

A Superseding Criminal Indictment ("the Indictment") (#179) was entered on October 28, 2015 charging Defendant Henri Wetselaar, M.D. ("Wetselaar") in Count One with Conspiracy to Distribute Oxycodone in violation of 21 U.S.C. §§ 846 and 841(a)(1); in Counts Two through Nine with Distribution of Controlled Substances in violation of 21 U.S.C. § 841(a)(1); in Count Thirteen with Money Laundering in violation of 18 U.S.C. § 1957; in Count Fourteen with Structuring Transactions to Evade Reporting Requirements in violation of 31 U.S.C. § 5324(a)(3) and with forfeiture allegations for criminal forfeiture money judgments of $3,600,000.00 and $271,500.00. Wetselaar was given notice and actually received notice of the forfeitures in Forfeiture Allegations One, Three and Four of the Indictment. Additionally, the Government timely filed its proposed forfeiture jury instructions and special verdict forms (#366) prior to trial. On March 23, 2017, Wetselaar was found guilty of Counts One through

Nine and Counts Thirteen and Fourteen.

On May 18, 2017, Wetselaar filed a motion (#485) requesting that the Court hear and determine what property is subject to forfeiture and/or the amount of a personal money judgment if sought by the government pursuant to Federal Rule of Criminal Procedure ("Rule") 32.2(b). After sentencing, a forfeiture hearing was held on October 26, 2017. The Court found at the hearing (#582, Transcript p.39) that the Government had met its burden of proof for issuance of a criminal forfeiture personal money judgment against Wetselaar in the amount of $2,257,395.00 as the illegal proceeds of his drug conspiracy and distribution convictions. Further, the Court found that the Government had met its burden of proof for issuance of a separate criminal forfeiture personal money judgment against Wetselaar in the amount of $271,500.00 arising from the illegal proceeds of his money laundering and structuring convictions. The Court signed the preliminary order of forfeiture and ordered that it be attached to and become part of the judgment and conviction.

That same day, the Government filed the present motion for substitution and forfeiture.

## II. Analysis

Rule 32.2(c)(1)(B) allows the Court to "at any time enter an order of forfeiture or [to] amend an existing order of forfeiture to include property that . . . is substitute property that qualifies for forfeiture under an applicable statute." "Rule 32.2(e) allows the government . . . to seek substitute property." United States v. Newman, 659 F.3d 1235,1242 (9th Cir. 2011) (citing 21 U.S.C. § 853(p)), *abrogated on other grounds*, Honeycutt v. United States, 137 S.Ct. 1626, 1632 (2017). "If the government shows that the property is subject to forfeiture under Rule32.2(e)(1), the court must . . . enter an order forfeiting that property, or amend an existing preliminary or final order to include it[.]" Rule32.2(e)(2)(A). "[T]he law provides that if, upon conviction, forfeitable assets are unreachable by the government, the court shall order the forfeiture of substitute assets: property of the defendant that is not connected to the underlying crime." United States v. Ripinsky, 20 F.3d 359, 362 (9th Cir. 1994) (also finding that § 853 and RICO, 18 U.S.C. § 1963, are so closely parallel that cases and legislative history may be referred to interchangeably). "Subdivision (e) makes clear, as courts have found, that the court retains

jurisdiction to amend the order of forfeiture at any time to include . . . any substitute property." Rule 32.2 advisory committee note.

When the defendant's illegal proceeds are unavailable, the United States can substitute any of defendant's assets for the criminal forfeiture money judgment. "[A]ny other property of the defendant" can be substituted and forfeited to the United States. <u>United States v. Hooper</u>, 229 F.3d 18, 823 (9th Cir. 2000); <u>United States v. Bollin</u>, 264 F.3d 391, 423 (4th Cir. 2001) (explaining that the court substitutes "any other property up to the value of the initially forfeited property, in the event the original property is unavailable"). The defendant's property need not be traceable to the criminal proceeds of the crime. <u>Ripinsky</u>, 20 F.3d at 362 (explaining that property being substituted is not necessarily connected to the underlying crime); <u>United States v. Lester</u>, 85 F.3d 1409, 1410 n.3 (9th Cir. 1996).

21 U.S.C. § 853(p) "carries its own set of procedural and substantive requirements before the court may order the forfeiture of substitute property." <u>Newman</u>, 659 F.3d at 1242; <u>United States v. Candelaria-Silva</u>, 166 F.3d 19, 42 (1st Cir. 1999) ("To obtain an order forfeiting property as a substitute asset, the government need only comply with the requirements of § 853(p)"). "In any case described in any of subparagraphs (A) through (E) of paragraph (1), the court shall order the forfeiture of any other property of the defendant, up to the value of any property described in subparagraphs (A) through (E) of paragraph (1), as applicable." 21 U.S.C. § 853(p)(2).

> Paragraph (2) of this subsection shall apply, if any property described in subsection (a), as a result of any act or omission of defendant – (A) cannot be located upon the exercise of due diligence; (B) has been transferred or sold to, or deposited with, a third party; (C) has been placed beyond the jurisdiction of the court; (D) has been substantially diminished in value; or (E) has been commingled with other property which cannot be divided without difficulty.

21 U.S.C. § 853(p)(1). "[A] court … order[s] forfeiture of any other property of the defendant when the defendant's property subject to forfeiture as proceeds or instrumentalities has been transferred, placed out of reach of the court or has declined in value." <u>Hooper</u>, 229 F.3d at 823.

The United States must show that just one of the requirements of section 853(p) is

satisfied in order to substitute and forfeit. <u>Lester</u>, 85 F.3d at 1410 (explaining "if any of a defendant's forfeitable assets are unavailable due to an enumerated act or omission of the defendant, the court … order[s] the forfeiture of any other property of the defendant"); <u>United States v. Gordon</u>, 710 F.3d 1124, 1137 n.14 (10th Cir. 2013) (explaining "in order for the government to forfeit substitute property, it must establish that through any act or omission of the defendant one of five things has occurred"); <u>United States v. Van Nguyen</u>, 602 F.3d 886, 903 (8th Cir. 2010) (explaining that 21 U.S.C. § 853(p)(1) requires "proof of one of five categories of unavailability" of defendant's illegal proceeds).

> In particular, substitute assets may be forfeited if the government shows that, as a result of any act or omission of the defendant, the forfeitable property (1) cannot be located upon the exercise of due diligence; or (2) has been transferred or sold to, or deposited with, a third party.
>
> Here, the government complied with § 853(p) by submitting a motion and affidavit that recited the efforts the government had made to locate the proceeds of the drug conspiracy that would have been directly forfeitable under § 853(a). The affidavit concluded that Reyes–Padilla had dissipated or otherwise disposed of the proceeds of her drug trafficking so that the proceeds could not, despite the exercise of due diligence, be located. Based on this record, it was not error for the district court to order the forfeiture of other property of the defendant up to the amount described in the money judgment.

<u>Candelaria-Silva</u>, 166 F.3d at 42-43.

If the United States makes this showing, substitution is mandatory. <u>See</u> 21 U.S.C. § 853(p) ("the court *shall* order the forfeiture of any other property of the defendant") (emphasis added); <u>Ripinsky</u>, 20 F.3d at 362 (stating "the court *shall* order the forfeiture of substitute assets") (emphasis added); <u>Newman</u>, 659 F.3d at 1249, *abrogated on other grounds*, <u>Honeycutt</u>, 137 S. Ct. at 1632 (holding that "shall order" is mandatory for the district court); <u>United States v. Alamoudi</u>, 452 F.3d 310, 314 (4th Cir. 2006) (holding "the underlying statutory scheme … mandated the district court to order forfeiture of substitute assets").

The Court finds that the Government has met its burden by showing that four of the five listed conditions under section 853(p) are satisfied. The record clearly shows that: (1) the substitute property is owned by Wetselaar; and (2) the illegal proceeds of his crimes for which he

was convicted. Further, the property (the illegal cash proceeds of his crimes) cannot be located upon the exercise of due diligence; has been transferred, sold to, or deposited with a third party; has substantially diminished in value; and has been commingled with other property which cannot be divided without difficulty. See 21 U.S.C. § 853(p).

Despite Defendant's arguments, it is Defendant's own illegal conduct which has made it difficult if not impossible to trace the cash proceeds from his conspiracy to distribute drugs and his actual drug distribution. While some of the forfeited property listed below may be the actual illegal cash proceeds, most of it is likely not, because of the fungible nature of cash. The trial evidence, PSR, exhibits and declarations clearly show that Wetselaar constantly moved cash through numerous bank accounts, purchased assets with cash, and structured banking transactions with cash. The only specific cash assets that could be tracked by law enforcement were the $44,000.00 cash payment towards the down payment on the 6102 Falconer Avenue property and the illegal structuring of $271,500.00.

When the Court ordered forfeiture, it found that evidence had shown by a preponderance of the evidence that Wetselaar had received illegal proceeds of at least $2,257,395.00 in cash by illegally prescribing drugs. The evidence also showed that Litwin received cash from persons seeking the illegal prescriptions and handed it to Wetselaar. Wetselaar purchased coins and other assets with that cash. The cash was also structured into bank deposits designed to avoid mandatory reporting of the transactions to regulatory authorities by the banks. On many occasions, Wetselaar would write a check from the accounts to pay Litwin as an independent contractor. Litwin would then endorse the check and Wetselaar would deposit it into a separate bank account or cash the check. Cash withdrawals from the bank accounts could rarely, if ever, be tracked further.

The bank accounts were often in the name of Wetselaar and his wife, Bing Wetselaar. Payments were then made from the accounts to other entities for services such as landscaping, utilities, charitable donations, credit cards, living expenses or other consumer spending. Wetselaar also deposited cash and coins into private vaults or boxes, claiming at various times that two of the boxes belonged to Litwin and attempting to transfer some of the coin purchases or

other assets to Litwin, or to create the appearance that the property belonged to Litwin and not to himself. These transactions meet the requirements of section 853(p): the property (the illegal cash proceeds of his crimes) cannot be located upon the exercise of due diligence; has been transferred, sold to, or deposited with a third party; has substantially diminished in value; and has been commingled with other property which cannot be divided without difficulty. See 21 U.S.C. § 853(p). Therefore, the motion to substitute and forfeit the property of Defendant Henri Wetselaar is granted.

III. Findings and Order

This Court, having granted the United States' Motion to Substitute and to Forfeit Property of Henri Wetselaar, MD, and good cause appearing, finds the assets described below are owned by Henri Wetselaar, MD.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the following assets are substituted and are forfeited to the United States pursuant to Fed. R. Crim. P. 32.2(e) and 21 U.S.C. § 853(p):

1. $14,991.18;
2. $4,899.47;
3. $667,133;
4. $15,416.33;
5. $9,950.39;
6. $531,409.95;
7. Twenty-nine (29) 1 oz South Africa Gold Krugerrand Coins;
8. One (1) 1 lb Silver Liberty Coin;
9. One (1) .25 oz Bally's LV Silver Coin;
10. One (1) 1 lb Silver $100 Bill Press;
11. Two (2) 1 oz Strike Gold Australia Coins in Wood Display Box;
12. Two (2) 1 oz Vancouver Gold Coins;
13. One (1) Madison Missing Edge Coin;

| | |
|---|---|
| 14. | Eight (8) 1 oz Polish Solidarity Coins; |
| 15. | Six (6) $10 West Point Mint Coins; |
| 16. | Ten (10) American Eagle Gold Bullions; |
| 17. | Thirty (30) 1 oz Maple Leafs Coins; |
| 18. | Thirteen (13) 1 oz Liberty Buffalo Heads; |
| 19. | Twelve (12) 1 oz Liberty Gold Coins; |
| 20. | Ten (10) Liberty Gold Coins; |
| 21. | Five (5) 1 oz Panda Gold Coins; |
| 22. | Four (4) 1 oz Ultra High Relief Gold Coins; |
| 23. | Fourteen (14) Chinese Coins; |
| 24. | Seven (7) 1 oz Elizabeth II Gold Coins and One (1) Canadian dollar coin; |
| 25. | Two (2) 1/4 oz Liberty $5 Gold Coins; |
| 26. | Ten (10) .44 oz Gold Four Ducat Austrian Coins; |
| 27. | One (1) Royal Canadian Mounted Police Coin; |
| 28. | Five (5) Captain Cook Half Dollars; |
| 29. | One (1) 1 oz Penny Black Coin; |
| 30. | Five (5) $50 Silver Proof First Men on the Moon; |
| 31. | Twenty-Four (24) $50 Silver Proof Mint Milestones of Space; |
| 32. | One (1) 1 oz Liberty $50 Buffalo Gold Coin; |
| 33. | One (1) 5 Pattlavi Coin; |
| 34. | Twenty (20) Swiss Gold Coins; |
| 35. | One (1) 1 oz Liberty American Eagle Coin; |
| 36. | Ten (10) 1/2 oz Gold Austrian Coins; |
| 37. | One (1) Library of Congress Coin; |
| 38. | One (1) 1 oz Panda Gold Coin; |
| 39. | Three (3) $20 St. Galdens Coins; |
| 40. | One (1) 1 oz 1984 Gold Olympiad; |

| | |
|---|---|
| 41. | Two (2) Liberty 1/2 oz Gold Coins; |
| 42. | Three (3) Dutch Coins; |
| 43. | One (1) Martha Washington Gold Coin; |
| 44. | Four (4) Wiener Philharmonic Gold Coins; |
| 45. | Two (2) Austrian Gold Coins; |
| 46. | Three (3) 1 oz Liberty $50 Coins; |
| 47. | One (1) 1 oz Liberty Gold Eagle Mint Coin; |
| 48. | One (1) $5 1/10 oz American Eagle Coin; |
| 49. | Two (2) Mint Silver Coins; |
| 50. | One (1) German "Nazi" Coin; |
| 51. | One (1) $1 21st Century Gold Coin; |
| 52. | One (1) Ronald Regan Commemorative Coin; |
| 53. | Four (4) Gold Plated Chinese Medallions; |
| 54. | Four (4) Presidential Coins; |
| 55. | $5,198 in U.S. Savings Bond bearing serial number V003217168I; |
| 56. | $5,198 in U.S. Savings Bond bearing serial number V003217170I; |
| 57. | $5,198 in U.S. Savings Bond bearing serial number V003217169I; |
| 58. | $5,176 in U.S. Savings Bond bearing serial number V003235706I; |
| 59. | $5,176 in U.S. Savings Bond bearing serial number V003235705I; |
| 60. | $5,176 in U.S. Savings Bond bearing serial number V003238857I; |
| 61. | $5,176 in U.S. Savings Bond bearing serial number V003238856I; |
| 62. | $1,003.20 in U.S. Savings Bond bearing serial number M008407049I; |
| 63. | $1,003.20 in U.S. Savings Bond bearing serial number M008407048I; |
| 64. | $1,003.20 in U.S. Savings Bond bearing serial number M008407047I; |
| 65. | $1,003.20 in U.S. Savings Bond bearing serial number M008407046I; |
| 66. | $1,039.60 in U.S. Savings Bond bearing serial number M008151895I; |
| 67. | $1,039.60 in U.S. Savings Bond bearing serial number M008151894I; |

| | |
|---|---|
| 1 | 68. $1,039.60 in U.S. Savings Bond bearing serial number M008151893I; |
| 2 | 69. $1,039.60 in U.S. Savings Bond bearing serial number M008151892I; |
| 3 | 70. $1,039.60 in U.S. Savings Bond bearing serial number M008151891I; and |

71. The residential property located at 6102 Falconer Avenue, Las Vegas, Nevada 89122, together with all improvements and appurtenances thereon and more particularly described as:

> Parcel I:
>
> Lot Five Hundred Ninety-Nine (599) of STALLION MOUNTAIN ESTATES II UNIT 6-7 as shown by map thereon on file in Book 124 of Plats, Page 58 in the Office of the County Recorder of Clark County, Nevada.
>
> Parcel II:
>
> An easement for ingress and egress over those Private Streets and Common Areas as set forth on the map referred to above and in that certain DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS FOR SOLERA AT STALLION MOUNTAIN, a planned community recorded May 17, 2005 in Book 20050517 as Instrument No. 0006018 of Official Records, as now or hereafter amended. APN: 161-15-310-092; (all of which constitutes property).

This Court finds the United States of America is now entitled to, and should, reduce the aforementioned property to the possession of the United States of America.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the United States of America should seize the aforementioned property.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED all right, title, and interest of Henri Wetselaar, MD, in the aforementioned property is forfeited and is vested in the United States of America and shall be safely held by the United States of America until further order of the Court.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED the United States of

America shall publish for at least thirty (30) consecutive days on the official internet government forfeiture website, www.forfeiture.gov, notice of this Order, which shall describe the forfeited property, state the time under the applicable statute when a petition contesting the forfeiture must be filed, and state the name and contact information for the government attorney to be served with the petition, pursuant to Fed. R. Crim. P. 32.2(b)(6) and Title 21, United States Code, Section 853(n)(2).

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that any individual or entity who claims an interest in the aforementioned property must file a petition for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, which petition shall be signed by the petitioner under penalty of perjury pursuant to Title 21, United States Code, Section 853(n)(3) and Title 28, United States Code, Section 1746, and shall set forth the nature and extent of the petitioner's right, title, or interest in the forfeited property and any additional facts supporting the petitioner's petition and the relief sought.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED a petition, if any, must be filed with the Clerk of the Court, 333 Las Vegas Boulevard South, Las Vegas, Nevada 89101, no later than thirty (30) days after the notice is sent or, if direct notice was not sent, no later than sixty (60) days after the first day of the publication on the official internet government forfeiture site, www.forfeiture.gov.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED a copy of the petition, if any, shall be served upon the Asset Forfeiture Attorney of the United States Attorney's Office at the following address at the time of filing:

>Daniel D. Hollingsworth
>Assistant United States Attorney
>501 Las Vegas Boulevard South, Suite 1100
>Las Vegas, Nevada 89101.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED the notice described herein need not be published in the event a Declaration of Forfeiture is issued by the appropriate

agency following publication of notice of seizure and intent to administratively forfeit the above-described property.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Clerk send copies of this Order to all counsel of record.

DATED this 13th day of July 2018.

_____
Kent J. Dawson
United States District Judge