UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:11-cr-00347-KJD-CWH |
| Plaintiff, | **ORDER DENYING DEFENDANT'S MOTION TO RELEASE FUNDS** |
| v. | |
| HENRI WETSELAAR, M.D., *et al.*, | |
| Defendants. | |

Before the Court is Defendant's Motion to Release Funds Subject to Attorney's Fee Lien (ECF #759). The government responded in opposition (ECF #768) and Defendant replied (ECF #772).

I. Factual and Procedural Background

On September 21, 2011, Defendant Henri Wetselaar ("Wetselaar") was indicted for, among other things, conspiracy to distribute Oxycodone. (ECF #759, at 3). Included in the indictment were allegations that sought the *in personam* criminal forfeiture of Wetselaar's assets. Id. Wetselaar's counsel from October 26, 2012 through April 17, 2014 was the law firm LEWIS BRISBOIS BISGAARD & SMITH ("LBBS"). Id. After Wetselaar's attorney left LBBS to work at a different law firm, a superseding criminal indictment was entered against Wetselaar on October 28, 2015. Id. at 4. That indictment also included criminal forfeiture allegations. Id. Wetselaar's trial began on January 1, 2017. Id. After 36 days of trial, the jury found Wetselaar guilty of Counts One through Nine and Counts Thirteen and Fourteen of the superseding indictment. Id. LBBS filed a Notice of Lien on April 21, 2017 via the court's CM/ECF docket. (ECF #480). Wetselaar was sentenced on August 1, 2017 and subsequently filed a notice of appeal. (ECF #759, at 4).

The Court entered a Preliminary Order of Forfeiture against Wetselaar on October 26,

2017, finding that the government had met its burden of proof for issuance of a criminal forfeiture. Id. The amount of the forfeiture was $2,257,395 based on Wetselaar's drug conspiracy and distribution convictions, and $271,500 based on his money laundering and structuring convictions. Id. Wetselaar appealed the amended judgment that included the preliminary order of forfeiture as well. Id. The final notice of forfeiture was entered on December 6, 2018, which Wetselaar appealed. Id. Wetselaar's consolidated appeal was argued and submitted for decision to the Ninth Circuit Court of Appeals on March 23, 2020. Id. at 5. Before a decision was issued, Wetselaar passed away. Id. As a result of Wetselaar's death, the court of appeals issued an order on July 17, 2020 directing the Court to vacate the judgment and dismiss the indictment against Wetselaar. Id. The Court vacated the judgment and dismissed the superseding indictment. Id. LBBS then filed the instant motion.

      II.      Legal Standard

In Nevada, attorneys "have all the usual tools available to creditors to recover payment of their fees." Leventhal v. Black & LoBello, 305 P.3d 907, 909 (Nev. 2013). In appropriate cases, "an attorney may assert a charging lien against the client's claim or recovery under NRS 183.015." Id. Nevada statute dictates that four elements must be met before a charging lien may be adjudicated and enforced. First, there must be a "claim, demand or cause of action, . . . which has been placed in the attorney's hands by a client for suit or collection, or upon which a suit or other action has been instituted." NEV. REV. STAT. § 18.015(1). Second, the attorney must perfect the lien by serving "notice in writing, in person or by certified mail, return receipt requested, upon his or her client and upon the party against whom the client has a cause of action, claiming the lien and stating the interest which the attorney has in any cause of action." Id. at § 18.015(3). Third is the statute's timing requirement. Once perfected, the "lien attaches to any verdict, judgment or decree entered and to any money or property which is recovered on account of the suit or other action, from the time of service of the notices required by this section." Id. at § 18.015(4)(a). Fourth, the attorney is required to timely file and properly serve a motion to adjudicate the lien. Id. at § 18.015(6).

III.    Analysis

The Court is unaware of an instance in which an attorney recovered forfeited funds from his criminal defendant client after a conviction was vacated. The cases and authority that the parties cite in their briefs are civil actions, and the party recovering on the charging lien is the plaintiff in each circumstance. Charging liens are one type of lien available to Nevada attorneys to ensure payment of attorney's fees. The issue here is whether the lien can attach to forfeited funds that the government no longer has an interest in because the original sentence has been vacated. "A charging lien cannot attach to the benefit gained for the client by securing a dismissal; it attaches to 'the tangible fruits' of the attorney's services." Leventhal, 305 P.3d at 910 (quoting Glickman v. Scherer, 566 So.2d 574, 575 (Fla. Dist. Ct. App. 1990)). "This 'fruit' is generally money, property, or other actual proceeds *gained by means of the claims asserted for the client in the litigation*." Id. (emphasis added). "The affirmative-recovery requirement entails that a charging lien cannot attach unless the attorney has obtained actual, tangible proceeds—the benefits obtained from a dismissal cannot support a charging lien." Matter of W.N. Connell and Marjorie T. Connell Living Trust, Dated May 18, 1972, 422 P.3d 1231, at *1 (Nev. July 26, 2018) (table).

In this case, Wetselaar's assets were forfeited as part of his sentence. LBBS defended their client in the criminal action and, due to Wetselaar's death, his conviction was vacated. As such, the return of the forfeited funds is a benefit obtained from a dismissal. There was no recovery gained by means of any claims that Wetselaar asserted in the litigation. "A charging lien only applies when a client is entitled to an 'affirmative monetary recovery.'" Fed. Nat'l Mortgage Assoc. v. Villagio Cmty. Assoc., No. 2:17-cv-01799-JAD-CWH, 2018 WL 6059512, at *2 (D. Nev. Oct. 30, 2018) (quoting McDonald Carano Wilson v. Bourassa Law Grp., 362 P.3d 89, 90 (Nev. 2015)). LBBS's defense in the criminal action did not end with an affirmative monetary recovery. The Court finds that the return of forfeited funds does not constitute such a recovery and therefore, the charging lien does not apply. Criminal forfeiture is part of a sentence, and the return of forfeited funds is merely the reversal of a sentence, not an affirmative recovery. FED. R. CRIM. P. 32.2(a).

The Court agrees with the philosophy that charging liens may be "restricted to services which the attorney performs on behalf of a client who asserts affirmatively a cause of action, claim, or counterclaim, as distinguished from *services rendered for a negative purpose, such as to defeat or defend a cause of action*, or claim, set up by a client's adversary." KRISTINA E. MUSIC BIRO, *ET AL.*, 7A C.J.S. ATTORNEY & CLIENT § 531 (emphasis added). LBBS's defense of Wetselaar was more akin to a service rendered for a negative purpose than it was a service in affirmatively asserting a cause of action. Because the charging lien does not apply to this forfeiture of funds, the Court denies LBBS's motion. Without the charging lien, LBBS will still "have all the usual tools available to creditors to recover payment of their fees." Leventhal, 605 P.3d at 909.

IV. Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion to Release Funds (ECF #759) is **DENIED**.

Dated this 18th day of May, 2021.

Kent J. Dawson
United States District Judge